UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN H. JOHNSON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.  1:24-cv-00533 (UNA) |
| | ) |
| | ) |
| JADA S. CUMMINGS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the court on plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2.  The court grants plaintiff's IFP application and, for the reasons explained below, it dismisses this matter for lack of subject matter jurisdiction.

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, *id*. § 1331, or the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id.* § 1332(a).  A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action.  *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, who fails to provide his own address or any of his other contact information, in contravention of D.C. Local Civil Rule 5.1(c)(1), sues a single defendant, Jada S. Cummings, who appears to reside in the District of Columbia, *see* Compl. at 2.  Plaintiff alleges that, sometime in 2022, he and defendant agreed to be married, but defendant later backed out of the agreement.  *See*

*id*. at 1.  He further alleges that defendant owes him over $13,000.  *See id*.  He broadly contends that these alleged breaches of contract constitute violations of "his civil and constitutional rights," and he demands $763,000 in damages. *See id.*

Plaintiff has failed to establish subject matter jurisdiction.  First, plaintiff has failed to state a federal question.  *See* 28 U.S.C. § 1331.  Plaintiff does not cite any specific statute, treaty, or constitutional provision that grants him a federal cause of action, or identify which, if any, of his federal rights the defendant purportedly violated.  Nor can the court independently discern any obvious basis for federal question jurisdiction from the facts given in the complaint.  His vague reference to "his civil and constitutional rights," Compl. at 1, "cannot establish this Court's jurisdiction." *Amiri v. Gelman Mgmt. Co.*, 734 F. Supp. 2d 1, 2-4 (D.D.C. 2010) (dismissing complaint for lack of jurisdiction); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) (explaining that "bare assertions" of a constitutional violation are "not entitled to be assumed true"); *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (per curiam) ("[F]ederal court jurisdiction must affirmatively appear clearly and distinctly.") (quoting *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)).

Second, plaintiff has failed to establish diversity jurisdiction. *See* 28 U.S.C. § 1332.  "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)).  It is a "well-established rule" that in order for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

As pleaded, this matter does not "meet the standards of diversity," *Bigelow v. Knight*, 737 F. Supp. 669, 670 (D.D.C. 1990), of which "[c]itizenship is an essential element" that cannot be established by "an allegation of residence alone[,]" *Novak v. Cap. Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (cleaned up). Because "failing to establish citizenship is not a mere technicality," the party seeking to proceed in diversity must clearly plead "the citizenship of each and every party to the action." *Id.*; *see Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004) ("the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference[.]"). As noted, defendant appears to reside in the District, *see* Compl. at 2, but plaintiff fails to list this address in the caption, *see* D.C. LCvR 5.1(c)(1), and he also falls short of establishing that defendant is a *citizen* of the District. Moreover, and as discussed, the complaint is completely silent as to plaintiff's residence, let alone his state citizenship.

Consequently, this case is dismissed without prejudice. A separate order will issue contemporaneously.

Date: May 1, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge